```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIELLE BRUNO,
```

|                              |                              |
|------------------------------|------------------------------|
|              Plaintiff,      | **ORDER**                    |
|                              | CV 05-1402 (JS) (ARL)        |
|       -against-              |                              |

```
STATE UNIVERSITY OF NEW YORK AT
STONY BROOK, et al.,

                    Defendants.
----------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

      Before the court is a letter application on behalf of the defendants, dated August 11, 2006, seeking: (1) to compel the plaintiff to provide an authorization for the release of certain records; and (2) permission to propound interrogatories in excess of the 25 permitted by Federal Rule of Civile Procedure 33. The plaintiff opposes the application by letter dated August 21, 2006. For the reasons that follow, the defendants' application is granted in part.

      With regard to the first prong of the defendants' application, the defendants seek an authorization for the release of records from the Suffolk County Family Court regarding the order of protection issued against the plaintiff in April 2006. The plaintiff objects, contending that the instant application improperly seeks to broaden the scope of the document request. The court agrees. The defendants' Fourth Request for Production of Documents, No. 2, is limited to calling for the production of a "Copy of the Order of the Suffolk County, Family Court, and supporting affidavits upon which it was based, that directing [sic] plaintiff, upon information and belief, to stay away from her residence, her children or other individual." Thus, the defendants' motion to compel an authorization for the release of "any and all records of the Suffolk County Family Court regarding the order of protection issued against the plaintiff in April 2006" is denied. The plaintiff also objects to the production of the order of protection and the supporting affidavits upon which it was based on relevancy grounds. The objection is overruled. To be discoverable the information sought by a party must be "relevant to a claim or defense of any party. . . ." Fed. R. Civ. P. 26 (b) (1). However, the information sought "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. In practice, the standard is broadly applied in order to allow the parties access to important facts. The court finds that these materials are relevant to the plaintiff's damages claim in so far as she seeks damages related to her divorce together with the fact that she has put her mental condition at issue in this case. Accordingly, the plaintiff shall produce a copy of the order of protection together with the supporting affidavits upon which it was based by August 31, 2006.

Turning next to the defendants' application to enlarge the number of interrogatories, the defendants explain that they served a First Set of Interrogatories containing fourteen interrogatories which were answered by the plaintiff. Following the plaintiff's production of seven microcassettes purportedly representing conversations that the plaintiff had taped of fellow employees at SUNY, the defendants served a Second Set of Interrogatories solely to ascertain the identification of the individuals on the cassettes, the date and time of the conversations and, as most of the conversations are allegedly inaudible, the subject matter of the conversations. Alternatively, the defendants request that the plaintiff be directed to appear for further deposition to answer the questions regarding the microcassettes. The plaintiff objects to the defendants' application, asserting that the defendant had ample opportunity to discover the information now sought because the microcassettes were produced in advance of the plaintiff's deposition. Given plaintiff's admission that the microcassettes were in the defendants' possession just three days in advance of her deposition together with the defendants' representation that counsel was unable to listen to the tapes in their entirety in advance of the plaintiff's deposition, the undersigned finds that the defendants are entitled to further discovery regarding the tapes. Accordingly, the plaintiff shall either respond to the defendants' Second Set of Interrogatories by August 31, 2006 or appear for a limited deposition regarding the content of the microcassettes on a mutually agreeable date not later than August 31, 2006.

Dated: Central Islip, New York  **SO ORDERED:**
       August 23, 2006

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge