```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
```
DANIELLE BRUNO,

                             Plaintiff,         **ORDER**
                                                               CV 05-1402 (JS) (ARL)

    -against-

STATE UNIVERSITY OF NEW YORK AT
STONY BROOK, et al.,

                             Defendants.
```
-------------------------------------------------------------X
```

**LINDSAY, Magistrate Judge:**

      Before the court is the plaintiff's letter application dated August 22, 2006, seeking to compel further disclosure of the Plaintiff's First Request for the Production of Documents. The defendants oppose the application by letter dated August 28, 2006. For the reasons that follow, the plaintiff's application is denied.

      The plaintiff seeks to compel the defendants to produce (1) the plaintiff's entire electronic mail log; (2) the defendants' entire computer encases including mirror image copies of all hard drives of the plaintiff; and (3) all electronic server back-up media including rotation tapes and mirror image copies of hard drives from the Office of Diversity and Affirmative Action, the Office of Labor Relations, the Office of Human Resources, James Connolly, David Darnel, and Charles Bebber. The defendants have already produced electronic mail regarding the plaintiff's allegations from the plaintiff's source files, from the source files of three employees with the Office of Diversity and Affirmative Action and from one employee with the Office of Labor Relations, and from the source files of James Connolly, David Darnel, and Charles Bebber. In addition, the defendants have agreed to search the electronic mail back-up tapes for any e-mails that may have been archived. However, the defendants contend that because they used back-up tapes for the initial production, the additional search is likely to produce only duplicative documents. Accordingly, the defendants have requested that the plaintiff pay for the cost of the additional search. The court finds the defendants' suggestion to be more than reasonable given the likelihood that no additional documents will be uncovered. The plaintiff shall advise counsel for the defendants on or before September 4, 2006, as to whether she is willing to pay for the additional search.

      With respect to the balance of the documents being sought, the defendants continue to object to the production. The court finds that the objection is warranted. Counsel for the defendants has provided the court with a thorough and comprehensive analysis of the work that would be entailed in responding to the plaintiff's request. That work includes, among other things, dumping all of the information from each of the subject computers whether or not it is

relevant to the case, doing a global Microsoft Word search to narrow the contents of each individual's computer, and manually sifting through each file to determine whether documents are privileged.  The defendants further contend that the plaintiff's request for this extraordinary search is overly burdensome especially in light of the fact that the plaintiff has already been provided the document files from each of these sources.  The court agrees and denies the plaintiff's application.

Dated: Central Islip, New York  **SO ORDERED:**
       August 31, 2006

_____/s/_____
ARLENE ROSARIO LINDSAY
United States Magistrate Judge