```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
DANIELLE BRUNO,
```

                        Plaintiff,

                -against-                     **REPORT AND RECOMMENDATION**
CV 05-1402 (JS)(ARL)

STATE UNIVERSITY OF NEW YORK
at STONY BROOK, et al.,

                       Defendants.
```
----------------------------------------------------------------X
```
**LINDSAY, Magistrate Judge:**

By letter application dated September 8, 2006, the plaintiff seeks to hold Christina Wicker, a non party witness, in contempt pursuant to Fed. R. Civ. P. 45(e). Based on the plaintiff's September 8th submission, the Affidavit of Justin Scott Adkins, one of the plaintiff's counsel, the Affidavit of Sue Mahoney, the plaintiff's process server, as well as the oral argument made before the court at the September 18, 2006 conference, the undersigned recommends that an order be issued by the District Court requiring Ms. Wicker to appear on a date certain to show cause why she should not be adjudged in contempt and be penalized appropriately.

### BACKGROUND

The plaintiff, Danielle Bruno, commenced this action on March 5, 2005, alleging, among other things, that the defendants had discriminated against her on the basis of her gender. On March 21, 2006, counsel for the plaintiff drafted a subpoena commanding Ms. Wicker, a former employee of the defendant S.U.N.Y. at Stony Brook, to appear for a deposition on April 21, 2006. *See* Atkins letter dated September 8, 2006 at 1. The plaintiff seeks Ms. Wicker's deposition because she believes that Ms. Wicker can provide information about the defendant David Darnel's treatment of the plaintiff and the hostile work environment. Atkins Aff. at ¶ 15.

On April 21, 2006, the plaintiff's process server, Rush Process Service, Inc.("Rush"), made three attempts to serve Ms. Wicker at 108 Maple Avenue, Apt. 3, Patchogue, New York, the address Ms. Wicker had given the plaintiff while they were co-workers. *Id.; see also* 9/18/06 Transcript. After the third attempt, Rush affixed the subpoena to Ms. Wicker's door, along with a $45.00 witness fee, and also mailed a copy of the subpoena by regular mail. *See* Atkins letter dated September 8, 2006 at 1. On April 21, 2001, Ms. Wicker failed to appear for her deposition. *Id.*

By letter dated May 1, 2006, the plaintiff requested that the court hold a premotion conference to discuss the plaintiff's intent to submit a motion to adjudicate Ms. Wicker for her civil contempt. *See* Atkins letter dated May 1, 2006. In response, the undersigned scheduled a telephone conference for May 8, 2006. During the conference, the undersigned instructed counsel for the plaintiff to prepare a subpoena for the court to so order and, upon receipt of the so ordered subpoena, to reserve Ms. Wicker, which counsel for the plaintiff did. *See* Order dated May 8, 2006; Subpoena dated 6/20/06, annexed to Atkins letter dated September 8, 2006.

On July 1, 2006, Sue Mahoney of Rush personally served the so ordered subpoena on Ms. Wicker at 108 Maple Avenue, Apt. 3, Patchogue, New York, commanding her appearance at a deposition on July 11, 2006. *See* Mahoney Aff. at ¶¶ 4-12. "After knocking on the door, [Ms. Mahoney] spoke to an African-American women between Twenty-One (21) and Thirty-Five (35) years of age." *Id.* at ¶ 7. Ms. Mahoney "asked the women if she was Ms. Wicker and she responded 'yes.'" *Id.* at ¶ 8. Ms. Mahoney also confirmed that Ms. Wicker is not engaged in active military service. *Id.* at ¶ 9. She also provided her with a $45.00 witness fee. *Id.* Despite the service of the so order subpoena, Ms. Wicker failed to appear for her deposition on July 11th.

*See* Atkins letter dated September 8, 2006 at 2.

## DISCUSSION

Fed. R. Civ. P. 45(e) provides:

> Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena is issued.

Consequently, in accordance with 28 U.S.C. § 636(e)(6)(B)(iii), the facts recited in this document are certified to your Honor so that a determination can be made whether to find Ms. Wicker in contempt of court.

## OBJECTIONS

Counsel for the plaintiff is directed to serve a copy of this Report and Recommendation on Ms. Wicker by certified mail, and to file proof of service with the Court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See*, 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
      October 10, 2006

                                                        _____/s/_____
                                                        ARLENE ROSARIO LINDSAY
                                                        United States Magistrate Judge